FILED

2012 DEC 21  PM 3:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Crystal G. Foley (SBN 224627)
SIMMONS BROWDER GIANARIS
ANGELIDES & BARNERD LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, California 90245
Telephone: 310-322-3555
Facsimile: 310-322-3655
cfoley@simmonsfirm.com

Attorneys for Plaintiff
Labyrinth Optical Technologies LLC
[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LABYRINTH OPTICAL TECHNOLOGIES LLC<br>*Plaintiff,*<br><br>vs.<br><br>OCLARO, INC.,<br><br>*Defendants.* | CASE NUMBER: SACV12-2208-CJC (RNBx)<br><br>To be Supplied by the Clerk of<br>The United States District Court<br><br>**COMPLAINT FOR PATENT INFRINGEMENT; DEMAND FOR JURY TRIAL**<br><br>DATE: December 21, 2012 |

Plaintiff Labyrinth Optical Technologies LLC ("Labyrinth") files this action for infringement of United States Patents No. 8,103,173 ("the '173 patent") and 7,599,627 ("the '627 patent") against Defendant Oclaro, Inc. ("Oclaro"), seeking damages and injunctive relief.  Labyrinth alleges as follows:

### JURISDICTION AND VENUE

1.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., alleging infringement of United States Patent Nos. 8,103,173 ("the '173 patent") and 7,599,627 ("the '627 patent"). Copies of the patents are attached hereto as Exhibits A-B respectively, and are incorporated herein by reference in their entirety.

COMPLAINT FOR PATENT INFRINGEMENT

2.     This Court has exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Oclaro because it has conducted business in this district and has infringed, contributed to the infringement, and/or actively induced others to infringe Labyrinth's patents in this district as alleged in this Complaint (at a minimum by using, offering for sale and/or selling products which fall within the scope of the claims of the '173 and '627 patents).

4.     Moreover, upon information and belief, Oclaro continues to conduct business in this district and infringe, contribute to the infringement of, and/or actively induce others to infringe the '173 and '627 patents in this district.

5.     Venue is proper in this Court pursuant to 28 U.S.C. §§1391(b), 1391(c) and/or 1400(b), in that a substantial part of the events giving rise to Labyrinth's claims occurred in the Central District of California and Oclaro is subject to personal jurisdiction in the Central District of California (and thus for purposes of venue Defendant resides in the Central District of California).

**THE PARTIES**

6.     Plaintiff Labyrinth is a limited liability company organized and existing under the laws of California, and having a principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

7.     Upon information and belief and after a reasonable opportunity for further discovery, Oclaro is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 2560 Junction Ave., San Jose, CA 95134. Oclaro's registered agent for service of process in the State of California is C T Corporation System, 818 W. Seventh St., Los Angeles, CA 90017.

///

COMPLAINT FOR PATENT INFRINGEMENT

**THE PATENTS IN SUIT**

8.     In optical data communications, systems were upgraded from a 10 Gb/s data transmission rates to a 40 Gb/s transmission rates. Data transmission rates at the much faster 40 Gb/s (or higher) presented extensive design challenges because the effects of polarization mode dispersion (PMD), chromatic dispersion and fiber non-linear effects such as cross-phase modulation become more dominant at the higher transmission rates.

9.     The inventors of the patents-at-issue were driven to find a cost-effective method and system that compensates for PMD, optimizes signal to noise ratio performance and minimizes phase noise and nonlinearities (chromatic dispersion) associated with transmission over fiber at high data transmission rates.

10.     The '173 patent entitled "Method and System For A Polarization Mode Dispersion Tolerant Optical Homodyne Detection System With Optimized Transmission Modulation" was duly and legally issued on January 24, 2012.

11.     The assignee of the '173 patent is Labyrinth.

12.     The '173 patent is valid and enforceable and has been at all times relevant to the instant action.

13.     The '173 patent claims a system and method for coherent optical detection for an optimized transmission modulation.

14.     For example, claim 1 of the '173 patent provides:

(1) A method of compensating a quadrature modulated optical data signal for effects of chromatic dispersion occurring during transmission over optical fiber, the method comprising the steps of:

(a) separating in-phase and quadrature components of the optical data signal;

///

///

COMPLAINT FOR PATENT INFRINGEMENT

(b) optoelectrically converting the in-phase and quadrature components of the optical data signal into in-phase and quadrature data signals;

(c) applying a corrective function to the in-phase and quadrature data signals, the corrective function modifying the in-phase and quadrature data signals in a manner that precisely counteracts effects of chromatic dispersion on the in-phase and quadrature components of the optical data signal.

'173 patent, Col. 12, lns. 42-56.

15.     The '627 patent entitled "Method and System For A Polarization Mode Dispersion Tolerant Optical Homodyne Detection System With Optimized Transmission Modulation" was duly and legally issued on October 6, 2009.

16.     The assignee of the '627 patent is Labyrinth Optical Technologies LLC.

17.     The '627 patent is valid and enforceable and has been at all times relevant to the instant action.

18.     The '627 patent claims a system and method for coherent optical detection for an optimized transmission modulation.

19.     For example, claim 22 of the '627 patent provides:

(22) A method of reducing the transmitted power of a quadrature modulated optical data signal, comprising the steps:

(a) providing a quadrature modulated optical data signal by a transmitter;

(b) during all transitional states of the quadrature modulated optical data signal in which data symbols can change in value, reducing, by the transmitter, the power to zero such that transmitted power decreases to zero at approximately a mid point of each of the

COMPLAINT FOR PATENT INFRINGEMENT

transitional states, where data signals are in effect spread out by approximately fifty percent in the frequency domain equivalent to a multiplication by a sine wave at half the data rate, and results in each symbol returning to zero at approximately a mid-point of the transitional states.

'627 patent, Col. 16, lns. 30-44.

## THE INFRINGING PRODUCTS

### A.      Oclaro's OTM-100 DWDM Coherent Transponder Module

20.    Defendant Oclaro, within the United States, manufactures, uses, offers for sale, or sells Oclaro's OTM-100 DWDM Coherent Transponder Module ("OTM-100") that falls within the claims of the '173 patent.

21. For purposes of an example only, Oclaro's OTM-100 falls within the scope of at least claim 1 of the '173 patent as it meets each limitation recited therein. Oclaro's OTM-100 utilizes a quadrature modulation, separates the in-phase and the quadrature components of the optical data signal upon reception, opto-electrically converts the in-phase and quadrature components of the optical data signal into in-phase and quadrature data signals, and applies a corrective function to the in-phase and quadrature data signals to counteract the effects of chromatic dispersion.

22.    Defendant Oclaro does not have a license or other authorization to practice the claims in the '173 patent.

### B.      Oclaro's CR5100 Series of 100G Coherent Receivers

23.    Defendant Oclaro, within the United States, manufactures, uses, offers for sale, or sells Oclaro's CR5100 Series of 100G Coherent Receivers ("CR5100") that fall within the claims of the '173 patent.

COMPLAINT FOR PATENT INFRINGEMENT

24. For purposes of an example only, Oclaro's CR5100 falls within the scope of at least claim 1 of the '173 patent as it meets each limitation recited therein. Oclaro's CR5100 utilizes a quadrature modulation, separates the in-phase and the quadrature components of the optical data signal upon reception, opto-electrically converts the in-phase and quadrature components of the optical data signal into in-phase and quadrature data signals, and applies a corrective function to the in-phase and quadrature data signals to counteract the effects of chromatic dispersion.

25. Defendant Oclaro does not have a license or other authorization to practice the claims set forth in the '173 patent.

**C.   Oclaro's TRV7BC0xN Transponder with MSA RZ-DQPSK Transceiver**

26. Defendant Oclaro, within the United States, manufactures, uses, offers for sale, or sells Oclaro's TRV7BC0xN Transponder with MSA RZ-DQPSK Transceiver that falls within the claims of the '627 patent.

27. Upon information and belief, Oclaro's TRV7BC0xN Transponder with an MSA RZ-DQPSK Transceiver falls within the scope of at least claim 22 of the '627 patent as it meets each limitation recited therein. For the purposes of example only, this product provides a quadrature modulated optical data signal (i.e., MSA RZ-DQPSK), where the power is reduced to zero (RZ).

28. Defendant Oclaro does not have a license or other authorization to practice the claims set forth in the '627 patent.

**D.   Oclaro's TL9140 with MSA RZ-DQPSK Tranceiver**

29. Defendant Oclaro, within the United States, manufactures, uses, offers for sale, or sells at least Oclaro's TRV7BC0xN Transponder with MSA RZ-DQPSK Transceiver that falls within the claims of the '627 patent.

COMPLAINT FOR PATENT INFRINGEMENT

30.     Upon information and belief, Oclaro's TRV7BC0xN Transponder with an MSA RZ-DQPSK Transceiver falls within the scope of at least claim 22 of the '627 patent as it meets each limitation recited therein. For the purposes of example only, this product provides a quadrature modulated optical data signal (i.e., MSA RZ-DQPSK), where the power is reduced to zero (RZ).

31.     Defendant Oclaro does not have a license or other authorization to practice the claims set forth in the '627 patent.

## COUNT I

### Oclaro's Patent Infringement Under 35 U.S.C. §271 of the '173 Patent

32.     Labyrinth incorporates by reference the allegations of paragraphs 1-31.

33.     Oclaro has directly or indirectly infringed the '173 patent at a minimum by making, using, selling and offering for sale products that fall within the scope of the '173 patent, namely Oclaro's OTM-100 DWDM Coherent Transponder Module and CR5100 Series of 100G Coherent Receivers. Exs. D and E.

34.     Oclaro has caused and will continue to cause Labyrinth substantial damage and irreparable injury by virtue of its continuing infringement.

35.     Labyrinth is entitled to recover from Oclaro the damages sustained by Labyrinth as a result of Oclaro's wrongful acts in an amount subject to proof at trial and an injunction preventing Oclaro from continuing its wrongful acts.

36.     Upon information and belief and after an opportunity for further discovery, Oclaro's infringement of the '173 patent is willful and deliberate.

///

///

COMPLAINT FOR PATENT INFRINGEMENT

## COUNT II

### Oclaro's Patent Infringement Under 35 U.S.C. §271 of the '627 Patent

37.     Labyrinth incorporates by reference the allegations of paragraphs 1-36.

38.     Oclaro has directly or indirectly infringed the '627 patent at a minimum by making, using, selling and offering for sale products that fall within the scope of the '627 patent, namely its TRV7BC0xN with MSA RZ-DQPSK Transceiver and TL9140 with MSA RZ-DQPSK Tranceiver. Exs. F and G.

39.     Oclaro has caused and will continue to cause Labyrinth substantial damage and irreparable injury by virtue of its continuing infringement.

40.     Labyrinth is entitled to recover from Oclaro the damages sustained by Labyrinth as a result of Oclaro's wrongful acts in an amount subject to proof at trial and an injunction preventing Oclaro from continuing its wrongful acts.

41.     Upon information and belief and after an opportunity for further discovery, Oclaro's infringement of the '627 patent is willful and deliberate.

**WHEREFORE**, Labyrinth respectfully requests that the Court enter a judgment as follows:

A.     That Oclaro has infringed the '173 patent under 35 U.S.C. §271;

B.     That Oclaro has infringed the '627 patent under 35 U.S.C. §271;

C.     Permanently enjoining and restraining Oclaro, their officers, directors, agents, servants, employees, licensees, successors, assigns, those in concert and participation with them, and all persons acting on their behalf or within their control under 35 U.S.C. §283 from further acts that infringe the '173 and '627 patents, including but not limited to, making, using, selling, offering to sell, importing, exporting, advertising, or otherwise using, contributing to the use of, or inducing the use of all infringing products produced by Oclaro;

COMPLAINT FOR PATENT INFRINGEMENT

D.  Requiring Oclaro to:

    1.  Send a copy of any decision in this case in favor of Labyrinth to each person or entity to whom Oclaro has sold or otherwise distributed any products found to infringe the '173 and '627 patents, or induced to infringe the '173 and '627 patents, and informing such persons or entities of the judgment and that the sale or solicited commercial transaction was wrongful;

    2.  Recall and collect from all persons and entities that have purchased wholesale or are a distributor of any and all products found to infringe the '173 and '627 patents that were made, offered for sale, sold, or otherwise distributed by Oclaro, or anyone acting on its behalf;

    3.  Destroy or deliver to Labyrinth all infringing products produced by Oclaro; and

    4.  File with the Court and serve upon Labyrinth, within thirty (30) days after entry of final judgment in this case, a report in writing and subscribed under oath setting forth in detail the form and manner in which Oclaro has complied with the Court's orders as prayed for.

E.  Awarding Labyrinth patent infringement damages and pre-judgment interest pursuant to 35 U.S.C. §284 including, but not limited to, lost profits and/or a reasonable royalty;

F.  Awarding treble damages for willful infringement pursuant to 35 U.S.C. §284;

G.  Declaring the case exceptional and awarding Labyrinth reasonable costs and attorneys fees pursuant to 35 U.S.C. §285;

H.  Granting Labyrinth such other and further relief as justice and equity may require.

///
///

COMPLAINT FOR PATENT INFRINGEMENT

**JURY DEMAND**

Labyrinth Optical Technologies LLC requests a jury trial.

> Respectfully submitted,
> Labyrinth Optical Technologies LLC
>
> By its attorneys,
> SIMMONS BROWDER GIANARIS
> ANGELIDES & BARNERD LLC

Dated:   December 21, 2012

By: _____
Crystal G. Foley
100 N. Sepulveda Blvd., Suite 1350
El Segundo, California  90245
Telephone:  310-322-3555
Facsimile:  310-322-3655
Email:  cfoley@simmonsfirm.com

Paul A. Lesko – *pro hac vice* (pending)
Jo Anna Pollock – *pro hac vice* (pending)
One Court Street
Alton, IL  62002
Tel:  618-259-2222
Fax:  618-259-2251
Email:  plesko@simmonsfirm.com
           jpollock@simmonsfirm.com

COMPLAINT FOR PATENT INFRINGEMENT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Cormac J. Carney  and the assigned discovery Magistrate Judge is Robert N. Block.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2208 CJC  (RNBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division** 312 N. Spring St., Rm. G-8 Los Angeles, CA 90012 | [ ] **Southern Division** 411 West Fourth St., Rm. 1-053 Santa Ana, CA 92701-4516 | [ ] **Eastern Division** 3470 Twelfth St., Rm. 134 Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
Crystal G. Foley (SBN 224627)
Simmons Browder Gianaris
Angelides & Barnerd LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, CA  90245

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Labyrinth Optical Technologies LLC | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | SACV12-2208-CJC (RNBx) |
| v. | |
| Oclaro, Inc. | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Crystal G. Foley_____, whose address is _100 N. Sepulveda Blvd., Suite 1350, El Segundo, CA  90245_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___DEC 21___

By: _____MARILYN PRICE_____
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself □)
LABYRINTH OPTICAL TECHNOLOGIES LLC

**DEFENDANTS**
OCLARO, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

SIMMONS BROWDER GIANARIS ANGELIDES & BARNERD LLC
100 N. Sepulveda Blvd., Suite 1350
El Segundo, CA  90245; Tel: 310-322-3555

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☒ No      □ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
*Patent violation*

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 441 Voting | □ 620 Other Food & Drug | ☑ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | IMMIGRATION | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 463 Habeas Corpus-Alien Detainee | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 465 Other Immigration Actions | | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:     Case Number:** _SACV12-2208_

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                        CIVIL COVER SHEET                                        Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑Yes
If yes, list case number(s): <u>Labyrinth Optical Technologies LLC Case No. 8:12-cv-00759-AG-MLG</u>

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☑ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Jose, CA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Orange |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date   12 / 21 / 12

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |